IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia M. Sawasky, | ) | C/A No.: 1:12-156-RMG-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, files the instant complaint seeking review of a decision of the Social Security Administration under 42 U.S.C. § 405(g). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

The complaint indicates that subsequent to breaking her arm on November 16, 2010, Plaintiff began receiving disability benefits from the Social Security Administration ("Administration"). [Entry # 1 at 3]. The Administration instructed Plaintiff to inform the agency when she was able to return to work. *Id.* Plaintiff alleges that she "[w]ent in during May" and signed papers to stop the receipt of disability benefits. *Id.* However, Plaintiff

received a letter dated January 5, 2011, indicating that Plaintiff owed the Administration's "back payment center" $12,189.00 in overpaid benefits. *Id.* Plaintiff, who began making monthly payments of fifty dollars per month, alleges that she received only $2,950.20 in disability benefits over a five-month period. *Id.* at 3–4. However, the Administration's records reflect a total of $13,835.10 in overpaid benefits. *Id.* at 3. Plaintiff claims that she visited the Social Security office six times and made four phone calls regarding the alleged overpayment. *Id.* at 4. Plaintiff alleges that the Administration refuses to produce records that demonstrate an overpayment of benefits. *Id.*

Plaintiff's complaint failed to seek any type of relief or provide information regarding exhaustion of administrative remedies. Therefore, an order was issued on February 16, 2012, directing Plaintiff to answer special interrogatories and provide information necessary for initial review of this case. [Entry #7]. Plaintiff partially complied with the order by submitting answers to the court's special interrogatories regarding exhaustion. [Entry #10]. Plaintiff's answers indicate that she has taken no formal steps to exhaust her administrative remedies. *Id.* Plaintiff also filed a motion for extension of time to bring the case into proper form. [Entry #11]. The undersigned granted Plaintiff's motion and a second order was issued on March 19, 2012, giving Plaintiff additional time to provide the remaining documents needed for initial review. [Entry #13]. Plaintiff thereafter complied with the order and submitted the "relief" section of her complaint form. [Entry #1-1]. Plaintiff seeks

correction of the Administration's records regarding the alleged overpayment and monetary damages. *Id.*

II.  Discussion

   A.  Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B); *see Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid

3

claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

The complaint seeks review of the Administration's determination that Plaintiff received an overpayment of disability benefits. The Social Security Act authorizes judicial review of adverse decisions rendered by the Commissioner. 42 U.S.C. § 405(g). However, prior to judicial review in federal court, a plaintiff must exhaust his administrative remedies and receive a "final" decision from the Commissioner. *See Weinberger v. Salfi*, 422 U.S. 749, 763–65 (1975). Under the Administration's regulations, the decision of which a plaintiff complains is an initial determination. 20 C.F.R. §§ 416.1400(a)(1), 416.1402(c). A plaintiff must ask for reconsideration of the initial determination and, if that is not successful, then for a hearing before an Administrative Law Judge (ALJ). *Id.* §§ 416.1400(a)(2)(3), 416.1407, 416.1429. If the ALJ renders an unfavorable decision, the plaintiff must request review by the Appeals Council ("Council"). *Id.* §§ 416.1400(a)(4), 416.1467. The Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Council may grant the request and issue its own decision. *Id.* § 416.1467. In either event, the decision of the Appeals Council is considered the Commissioner's "final" decision, thus, allowing a claimant to seek judicial review in federal

court. *Id.* §§ 416.1400(a)(5), 416.1481. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107(2000) (citing *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986)).

In the present case, Plaintiff states that she visited the Social Security office six times and made four phone calls after receiving a notice of overpayment from the Administration in January 2011. [Entry # 1 at 3–4]. However, Plaintiff's answers to the court's special interrogatories indicate that Plaintiff did not seek reconsideration of the Administration's initial determination. [Entry # 10 at 1]. Nor did Plaintiff appeal any denial of reconsideration to an ALJ, or any adverse decision of an ALJ to the Council. *Id.* at 1–2. Because Plaintiff has not exhausted the administrative remedies required to obtain a "final decision" from the Commissioner, this case is subject to summary dismissal.[1] *See Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984) (holding that the district court's dismissal was appropriate because of the plaintiff's failure to exhaust administrative remedies).

III. Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

---

[1] Exhaustion may be waived when further exhaustion would be futile, such as when a plaintiff asserts a claim that is wholly collateral to his claim for benefits. *See Ringer*, 466 U.S. at 617–18. Here, the complaint seeks review of the Administration's determination that Plaintiff received an overpayment of disability benefits. Therefore, the limited exception to the exhaustion requirement is not applicable in this case.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 26, 2012 Shiva V. Hodges
Columbia, South Carolina United States Magistrate Judge

The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).